UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IZEA REED,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ERNEST ROE, Warden,<br><br>　　　　　Respondent. | Case No. CV 13-3054 ODW(JC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION WITHOUT PREJUDICE |

## I.   SUMMARY

On May 1, 2013, petitioner Izea Reed ("petitioner"), a California prisoner who is proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Current Federal Petition"). The Current Federal Petition appears to challenge petitioner's 1997 conviction following a jury trial in Los Angeles County Superior Court (the "State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition is denied and this action is dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to

///

refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

### A. State Conviction, Direct Appeal, and State Habeas Petitions

On August 11, 1997, a Los Angeles County Superior Court jury convicted petitioner of failure to register as a sex offender under California law. The jury also found that petitioner had previously been convicted of two serious felonies and served three prison terms. On May 19, 1997, the trial court sentenced petitioner to 25 years to life in state prison.

Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment on November 16, 1998. Petitioner thereafter filed a petition for review in the California Supreme Court, which was denied on January 20, 2000.

Petitioner thereafter sought, and was denied habeas relief in the California Court of Appeal and the California Supreme Court.

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from court records in the Central District of California and the Ninth Circuit in the following cases of which this Court takes judicial notice: (1) Izea Reed v. Ernest Roe, et al., No. CV 00-01752 CM(CT) ("First Federal Petition" or "First Federal Action"); (2) Izea Reed v. Ernie Roe, et al., No. 00-56398 ("First Ninth Circuit Action"); (3) Izea Reed v. Ernie Roe, No. 08-73008 ("Second Ninth Circuit Action"); (4) Izea Reed v. Ernest Roe, No. CV 09-07149 ODW(CT) ("Second Federal Petition" or "Second Federal Action"); (5) Izea Reed v. Ernie Roe, No. CV 10-2037 ODW(JC) ("Third Federal Petition" or "Third Federal Action"); (6) Izea Reed v. Ernie Roe, No. 10-73675 ("Third Ninth Circuit Action"); (7) Izea Reed v. Ernest Roe, No. CV 12-5489 ODW(JC) ("Fourth Federal Petition" or "Fourth Federal Action"); (8) Izea Reed v. Ernest Roe, No. 12-56380 ("Fourth Ninth Circuit Action"); and (8) Izea Reed v. P. Brazelton, No. 12-73708 ("Fifth Ninth Circuit Action"). See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

### B. First Federal Petition and First Ninth Circuit Action

On February 18, 2000, petitioner filed the First Federal Petition in which he challenged his sentence in the State Case, asserting that it constituted cruel and unusual punishment and a violation of prior plea agreements, and that it violated the Ex Post Facto Clause. On July 17, 2000, judgment was entered dismissing the First Federal Petition with prejudice on its merits.

On November 4, 2003, the Ninth Circuit affirmed the judgment in the First Ninth Circuit Action.

### C. Second Ninth Circuit Action and Second Federal Petition

On September 10, 2008, in the Second Ninth Circuit Action, the Ninth Circuit denied petitioner's application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court.

On October 1, 2009, petitioner filed the Second Federal Petition in which he challenged his conviction and sentence in the State Case. On October 8, 2009, judgment was entered dismissing the Second Federal Petition without prejudice for lack of jurisdiction because petitioner had been denied permission to file a second or successive habeas petition. The record does not reflect that petitioner thereafter appealed or sought further relief from the Ninth Circuit relative to the Second Federal Petition.[3]   **D.**

### Third Federal Petition and Third Ninth Circuit Action

On March 22, 2010, petitioner filed the Third Federal Petition in which he again challenged the judgment in the State Case. On May 14, 2010, judgment was entered denying the Third Federal Petition and dismissing the Third Federal Action without prejudice for lack of jurisdiction because the Third Federal Petition was successive and the record did not reflect that petitioner had obtained authorization from the Ninth Circuit to file it.

---

[3]A search of the court's PACER system reflects no subsequent activity by petitioner in the Ninth Circuit relative to the Second Federal Action.

1    On January 19, 2011, in the Third Ninth Circuit Action, the Ninth Circuit
2 declined to entertain what it construed to be petitioner's application for leave to file
3 a second or successive habeas corpus petition in the district court because such
4 application raised the same claims set forth in the application for leave to file a
5 second or successive habeas corpus petition that had been filed and denied in the
6 Second Ninth Circuit Action.

### E.   Fourth Federal Petition, Fourth Ninth Circuit Action and Fifth Ninth Circuit Action

9    On June 25, 2012, petitioner filed the Fourth Federal Petition in which he
10 again challenged the judgment in the State Case.  On July 3, 2012, judgment was
11 entered denying the Fourth Federal Petition and dismissing the Fourth Federal
12 Action without prejudice for lack of jurisdiction because the Fourth Federal
13 Petition was successive and the record did not reflect that petitioner had obtained
14 authorization from the Ninth Circuit to file it.

15   On December 18, 2012, the Ninth Circuit denied petitioner's request for a
16 certificate of appealability in the Fourth Ninth Circuit Action and denied
17 petitioner's application for leave to file a second or successive habeas corpus
18 petition in the district court in the Fifth Ninth Circuit Action.

### F.   Current Federal Petition

20   As noted above, on May 1, 2013, petitioner filed the Current Federal Petition
21 which again challenges the judgment in the State Case.  The record does not reflect
22 that petitioner has obtained authorization from the Ninth Circuit to file the Current
23 Federal Petition in District Court.[4]

24 ///
25 ///

---

[4] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

4

## III.   DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), i.e., that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to

exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Reyes, 276 F. Supp. 2d at 1029 (dismissal based on expiration of statute of limitations is adjudication of merits for purposes of determining whether subsequent petition is successive) (citations omitted).

Petitioner's First Federal Petition was dismissed on the merits. Accordingly, like the Second, Third, and Fourth Federal Petitions, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV.  ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition is denied and this action is dismissed without prejudice.

DATED:     May 10, 20113

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE